UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| United States of America | No. 11-CR-00036-01 |
| | No. 13-CV-02142 |
| Versus | Judge Richard T. Haik, Sr. |
| Jehon Pol Wilson Cook | Magistrate Judge Patrick J.Hanna |

### REPORT AND RECOMMENDATION

Pending before the Court is Jehon Pol Wilson Cook's motion brought pursuant to 28 U.S.C. §2255 to vacate, set aside, or correct his sentence. [Rec. Doc. 39]. The matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. The Government filed a memorandum in response to the motion. [Rec. Doc. 44]. The defendant did not file a reply memorandum in support of his motion. No evidentiary hearing has been held. For the following reasons, it is recommended that the motion be denied.

*Factual Background*

The parties stipulated to the factual background of this case as part of the plea agreement. *R. 31*. In December of 2010, an undercover officer in Florida downloaded child pornography that the defendant, had offered for distribution, using the GigaTribe Network[1]. *Id. at p.1*. At the time

---

[1] GigaTribe is an Internet file sharing program similar to Limewire. A person who wants to share files can download the GigaTribe software. He can obtain a free membership for a limited period of time. If he wishes to continue file sharing using the GigaTribe program he has to purchase a membership. Many people who distribute child pornography use the GigaTribe network as a method to distribute the material. *Id.*

the officer obtained the child pornography from the defendant, the officer also obtained the defendant's Internet Protocol Address.[2] *Id.*

The officer determined that the Internet Protocol address associated with the child pornography he obtained was associated with the defendant's address in Morgan City, Louisiana. *Id*. A search warrant was executed on the defendant's address on January 5, 2011. *Id.* At the time of the execution of the warrant, the petitioner confessed to downloading child pornography using the GigaTribe network. *Id*. He told the officers where the child pornography videos could be found on the computer. *Id*.

A forensic examination of the defendant's computer was done. *Id*. Fifty-eight (58) video files of prepubescent child pornography were found. *Id*. The ages of the children were between one and 10 years old. *Id*. The videos contained adult males sexually assaulting young girls and material that was sadistic. *Id*. The forensic examiner was able to determine when the videos were downloaded from the Internet. *Id*. Because the videos were downloaded from the Internet they traveled in interstate commerce. *Id*.

### *Procedural History*

On February 24, 2011, the grand jury returned an indictment charging the defendant with one count of possession of child pornography, in violation of 18 U.S.C. §2252A(a)(5)(b) and three counts of receiving child pornography, in violation of 18 U.S.C. §2252A(a)(2)(A). [Rec. Doc. 1]. The defendant was arrested and his initial appearance and arraignment were conducted

---

[2]  The Internet Protocol address is analogous to a telephone number a computer uses to connect to the Internet. *Id. at p.2*. When an officer obtains that number, he can then subpoena the Internet Service Provider to see which computer was used to distribute the child pornography. *Id*.

on March 2, 2011, at which time he was represented by his appointed counsel, Carol Whitehurst. [Rec. Doc. 12].

On May 6, 2011, pursuant to a written plea agreement, the defendant pled guilty to one count of possession of child pornography (Count 1 of the indictment), in violation of 18 U.S.C. §2252A(a)(5)(B). [Rec. Doc. 30, 31]. The Factual basis for Plea of Guilty, submitted with the defendant's plea agreement, was signed by the defendant and his counsel. [Rec. Doc. 31].

In the plea colloquy, the following exchange took place:

> THE COURT: In December of 2010 an undercover officer in Florida downloaded child pornography that the defendant, Jehon Pol Wilson Cook, has offered for distribution using the GigaTribe network. Is that true?
>
> THE DEFENDANT: Yes.
>
> ************
>
> THE COURT: The police officer in the state of Florida determined the child pornography obtained was associated with the defendant's, Jehon Pol Wilson Cook, address in Morgan City, Louisiana. Do you know that to be true, too?
>
> THE DEFENDANT: Yes.
>
> ************
>
> THE COURT: And is that your signature on Page 3 of this document?
>
> THE DEFENDANT: It is.
>
> THE COURT: And did you sign this document only after reading over it thoroughly with your attorney, Ms. Whitehurst?
>
> THE DEFENDANT: Correct.
>
> THE COURT: And is everything true and correct to the best of your knowledge, information, and belief with the exception of you're not sure of the ages of the children that were involved?
>
> THE DEFENDANT: Yes.
>
> ************

>THE COURT: Anything in this document entitled Stipulated Factual Basis for the Guilty Plea – anything in this document that is not true?
>
>THE DEFENDANT: No.

[Rec. Doc. 43].

The defendant also signed an Affidavit of Understanding of Maximum Penalty and Constitutional Rights, which included his confirmation that he had been furnished a copy of the charge against him, that he understood the charge, and that the court had addressed him personally as to the maximum possible penalty that may be imposed against him. [Rec. Doc. 31]. Also appearing on the affidavit were the following declarations:

> I realize that by pleading guilty I will stand convicted of the crime charged and thereby waive my privilege against self-incrimination, my right to jury trial, my right to confront and cross-examine witnesses, and my right of compulsory process.
> I further state that my plea in this matter is free and voluntary, and that it has been made without any threats or inducements whatsoever from anyone associated with the State or United States Government, and that the only reason I am pleading guilty is that I am in fact guilty as charged. The Court has given me the opportunity to make any statement desired.

[Rec. Doc. 31-1].

On August 31, 2011, the defendant was sentenced to be committed to a prison term of eighty-seven (87) months, and upon release from imprisonment, supervised release for a term of fifteen (15) years. [Rec. Doc. 37, 38]. Counts 2-4 of the indictment were dismissed on the motion of the United States. [Rec. Doc. 37, 38]. The judgment was signed and entered into the record on September 7, 2011. [Rec. Doc. 37]. The defendant did not appeal, and therefore, his judgment became final on September 14, 2012.

More than one year later, on June 26, 2013, the defendant filed the motion to vacate under 28 U.S.C. §2255, which is before this Court. [Rec. Doc. 39]. Since the defendant filed his motion beyond the one-year statute of limitations period, the motion should be barred. The defendant however, raises an actual innocence claim to get around this bar.

## *Applicable Law and Discussion*

*Scope of §2255 Relief*

Following conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a defendant stands fairly and finally convicted. *United States v. Cervantes*, 132 F. 3d 1106, 1109 (5th Cir. 1998) citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc) *cert. denied* 502 U.S. 1076 (1992). The scope of relief afforded under 28 U.S.C. §2255 is narrow. It is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995) (citing *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)). "We apply this rigorous standard in order to ensure that final judgments command respect and that their binding effect does not last only until 'the next in a series of endless post-conviction collateral attacks.' " *Shaid*, 937 F.2d at 231-232.

A federal prisoner may collaterally attack his conviction and sentence by filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Section 2255 provides four grounds justifying relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such

sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a); *see also Hill v. United States*, 368 U.S. 424, 426–27 (1962); *U.S. v. Acevedo,* 1993 WL 481734, 1 (5th Cir. 1993).

*Statute of Limitations*

A petition brought pursuant to 28 U.S.C. § 2255 is subject to a one-year limitation period which begins on the latest of four possible dates for a federal prisoner to seek collateral review of his conviction and sentence. The only date relevant in this case is "the date on which the judgment of conviction becomes final." A prisoner's conviction becomes final generally upon the expiration of direct review or the time for seeking direct review. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir.2003). When a federal prisoner fails to file a notice of appeal from his conviction, the conviction becomes final for purposes of § 2255 upon the expiration of the 14–day period for filing a direct appeal. *United States v. Plascencia*, 537 F.3d 385, 388–89 (5th Cir.2008). The judgment in this case was entered on September 7, 2011. *R. 38.* Because no appeal was taken on the judgment, the conviction became final and the one-year statute of limitations began to run on September 21, 2011. *Id.* The defendant had until September 21, 2012, to timely file his petition under § 2255. Because he did not file his § 2255 motion until June 26, 2013, the motion is untimely. *R. 39*.

The one-year limitation is not a jurisdictional bar, however, and it can be tolled in appropriate circumstances. *United States v. Wynn*, 292 F.3d 226 (5th Cir.2002). The burden of proving that the statute of limitations has been tolled is on the petitioner. *Phillips v. Donnelly*,

216 F.3d 508, 509–10 (5th Cir. 2000), *opinion amended on reheading*, 223 F.3d 797 (5th Cir.2000) (*per curiam*).

*Actual Innocence Claim*

Actual innocence claims provide "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id*. at 404; *McQuiggin*, 133 S.Ct. 1924, 1931 (2013). To open the gateway to federal habeas review a petitioner asserting his actual innocence of the substantive offense must: (1) present "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"; (2) "that was not presented at trial"; and (3) must show, that in light of this new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006) (citing *Schlup v. Delo*, 513 U.S. 298, 299, 324–29 (1995).

The *Schlup* standard "is demanding and permits review only in the 'extraordinary' case." *House*, 547 U.S. at 538. In applying the *Schlup* standard, the Fifth Circuit has held that: (1) the petitioner "bears the burden of establishing that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence"; (2) "there is no presumption of innocence at a habeas proceeding" and the petitioner "comes before the habeas court with a strong-and in the vast majority of the cases conclusive-presumption of guilt"; and, (3) the *Schlup* standard "does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty." *Bosley v. Cain*, 409 F.3d 657, 664 (5th Cir.2005). Put differently, "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no

juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329.

The defendant contends his motion is based on "a new rule of constitutional law" which shows he is an "actual innocent party, who has been subjected to a complete miscarriage of justice." R. 39, p.1. He claims the new rule of constitutional law was established by *National Federation of Independent Business v. Sebelius*, 132 S.Ct. 2566 (2012), and provides that the Commerce Clause does not give Congress the power to regulate activities that are not commerce, commercial and economic. *Id.* He maintains the act of downloading free "unseen-unknown file folders by title or search word only, not by thumbnail or picture" means that no commerce was involved, thereby making him innocent of the crime. *Id. at pp. 4–5.*

The Fifth Circuit has determined that internet transmission is sufficient to satisfy the interstate commerce element. *See United States v. Runyan*, 290 F.3d 223, 239 (5th Cir.2002), *reh'g denied* 37 F. App'x. 93 (5th Cir. 2002) *cert. denied* 537 U.S. 888 (2002). Consideration of similar attacks on other criminal statutes have not resulted in a finding that certain criminal statutes were unconstitutional based on the ruling in *Sebelius*. *Compare United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir.2013) (*Sebelius* has not changed the constitutional validity of 18 U.S.C. § 922); *United States v. Stager*, 552 Fed.Appx. 377 (5th Cir.2014) (SORNA); *United States v. Broadus*, 515 F. App'x 352, 353 (5th Cir. 2013) *cert. denied*, 134 S.Ct. 147 (2013) (arson); *United States v. Looman*, 542 F. App'x 419 (5th Cir.2013) *cert. denied*, 134 S.Ct. 1358 (2014) (*Sebelius* has not changed the constitutional validity of 18 U.S.C. § 922); *Stevens v. United States*, 2013 WL 3458152, *2–4 (N.D.Miss., 2013) (rejecting petitioner's reliance on *Sebelius* and his argument that under § 2251(a) "his crimes were non-economic and completely

intrastate, and thus, there is no valid authority by which Congress could regulate his conduct in this case."). The Fifth Circuit has found child pornography to be commercial in nature, and that Congress may lawfully prohibit intrastate possession of child pornography under the Commerce Clause because it has a substantial impact on interstate commerce. *United States v. Kallestad*, 236 F.3d 225, 231 (5th Cir.2000).

Construing the defendant's motion liberally, the Court concludes he has no basis to argue he is actually innocent of violating §2252A(a)(5)(b), and finds that his habeas corpus attack on his conviction and sentence should be dismissed, with prejudice, as time-barred.

### *Conclusion*

Based on the foregoing, it is the recommendation of the undersigned that the defendant's Motion to Vacate, Set Aside, or Correct Sentence be DENIED in its entirety. Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Cr. P. 59(b)(2), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or on a date set by the district court, shall act to waive the party's right to review by the district court. Fed. R. Cr. P. 59(b)(2).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days**

from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed at Lafayette, Louisiana this 18th day of May, 2015.

_____
Patrick J. Hanna
United States Magistrate Judge

COPY SENT:

DATE: 5/18/2015
BY: EFA
TO: RTH
      pj